United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40215
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY JAMES LEE HORNE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-81-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tommy James Lee Horne appeals his conviction and sentence for being a felon in possession of a firearm and for possession of an unregistered firearm. See 18 U.S.C. § 922(g); 26 U.S.C. § 5861(d). Horne argues that the evidence at trial was insufficient to support his convictions because there was no proof that he knowingly possessed the weapon.

The evidence showed that Horne was the sole occupant of the vehicle he was driving and that the weapon was wedged between the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

back seat cushions directly behind him. The weapon was visible and accessible to him from the driver's seat. Horne therefore had constructive possession of the weapon. See United States v. Dancy, 861 F.2d 77, 81 (5th Cir. 1988). Thus, the evidence established Horne's guilt beyond a reasonable doubt. See United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir. 1995).

Horne challenges the district court's use of his prior convictions for burglary of a building and delivery of a controlled substance to enhance his sentence pursuant to 18 U.S.C. § 924(e). The evidence presented at Horne's sentencing hearing included certified copies of the indictment as well as the judgment of conviction on the burglary charge. The elements of a "generic" burglary were sufficiently spelled out in those documents. See Taylor v. United States, 495 U.S. 575 (1990). Horne's suggestion that there was insufficient proof of his prior burglary conviction and that the court relied solely on the presentence report's (PSR's) assertion of the conviction is frivolous.

Horne's argument that his narcotics conviction is no longer "viable" is equally frivolous. His citation to 18 U.S.C. § 921 is inapposite. That statute deals with vacated or expunged convictions. Horne admits, and the evidence at sentencing showed, that it was his sentence and not his conviction for delivery of a controlled substance that was vacated.

Horne argues that he was denied due process because he was not given sufficient notice of the Government's intent to rely on his prior convictions to enhance his sentence. Horne received notice through the PSR, and he challenged the armed career criminal enhancement through written objections and at the sentencing hearing. The notice was therefore sufficient. See e.g., United States v. O'Neal, 180 F.3d 115, 125 (4th Cir. 1999).

Horne argues that the indictment and jury charge were insufficient because they failed to contain any information regarding his prior convictions. This argument is foreclosed by Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Stone, 306 F.3d 241 (5th Cir. 2002).

AFFIRMED.