United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 04-40215

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TOMMY JAMES LEE HORNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
m 1:03-CR-81-ALL

_____

Before DAVIS, SMITH, and DENNIS,
  Circuit Judges.

PER CURIAM:[*]

This court affirmed Tommy Horne's conviction and sentence. *United States v. Horne*, 117 Fed. Appx. 327 (5th Cir. 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Horne v. United States*, 125 S. Ct. 1749 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.[1]

The government confesses error and the need to remand for resentencing based on the fact that the district court made a finding that Horne was an armed career criminal under U.S.S.G. § 4B1.4. Horne filed objections to the presentence report, alleging (1) that there was insufficient proof regarding the prior convictions; (2) the failure to submit the qualifying armed career criminal convictions to the jury as a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (3) the lack of sufficient notice of the prior convictions. The district court denied the objections and made the finding that Horne is an armed career criminal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Horne was represented by counsel until the opinion was issued, whereupon counsel obtained leave of this court to withdraw as counsel. Horne filed his certiorari petition *pro se* and continues to represent himself at this time.

Horne raised these issues on appeal, but we held them foreclosed by *Apprendi* and *United States v. Stone*, 306 F.3d 241 (5th Cir. 2002). The government candidly acknowledges that "in view of Horne's Apprendi-based objection to the [presentence report's] calculation of imprisonment using his three prior convictions and Armed Career Criminal status, it now appears that [Horne's argument] should be reviewed under the harmless error standard in light of . . . *Booker*" (citing *United States v. Mares*, 402 F.3d 511, 520 n.9 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517), and *United States v. Rodriguez*, 398 F.3d 1291, 1296-97 (11th Cir. 2005)).

The government thus posits that the district court's "findings went beyond those admitted by the defendant and were objected to at sentencing." In *Mares*, we directed that "if . . . the Sixth Amendment issue presented in *Booker* . . . is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." *Mares*, 402 F.3d at 520 n.9. The government recognizes that the record does not support, beyond a reasonable doubt, that the district court would not have imposed a lesser sentence under an advisory sentencing regime. Under *Mares*, therefore, Horne is entitled to resentencing.

In his *pro se* supplemental letter brief, Horne, in addition to addressing the *Booker* issues we have discussed, requests that on remand the district court take account of the intervening decision in *Shepard v. United States*, 125 S. Ct. 1254 (2005). Indeed, *Shepard*

addresses the Armed Career Criminal Act, and the district court should consider it. We express no view on whether *Shepard* affords Horne any relief; that is for the district court to decide.

The judgment of conviction is AFFIRMED for the reasons stated in our initial opinion. For the reasons set forth in this opinion, the judgment of sentence is VACATED and REMANDED for resentencing. We express no view as to whether the sentence Horne received, or for that matter any other particular sentence, is "reasonable" as that concept is discussed in *Booker*, 125 S. Ct. at 765-68, and its progeny.