United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 19, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-31237

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMAN A. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana

_____

Before GARWOOD, CLEMENT, and PRADO, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Roman A. Brown pleaded guilty and was sentenced under the Armed Career Criminal Act ("ACCA"). On appeal, he claims that the Louisiana crime of simple robbery does not qualify as a "violent felony" for purposes of the ACCA. For the reasons that follow, we affirm the sentence of the district court.

## I. FACTS AND PROCEEDINGS

Brown pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As part of the plea agreement, Brown stipulated that he had been previously convicted of two counts of simple robbery and one count of possession of cocaine. The probation office issued

a presentence report ("PSR"), which stated Brown had also been convicted of second degree battery and distribution of cocaine. Due to these additional convictions, the probation officer observed that Brown was eligible to be sentenced under the ACCA, pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. The officer determined Brown's base offense level under the ACCA to be thirty-four and, after reducing three levels for acceptance of responsibility, recalculated the level to thirty-one. The officer set Brown's criminal history category at VI, and, as a result, the guideline range was between 188 and 235 months. The district court followed the recommendations in the PSR and sentenced Brown to 210 months imprisonment.

Brown appeals his sentence, claiming that his conviction for simple robbery does not qualify as a "violent felony" under the ACCA.[1]

## II. DISCUSSION

Brown did not object to his sentence at the district court. Therefore, we review for plain error. *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). This Court finds plain error when: (1) there was an error; (2) t he error was clear and obvious; and (3) the error affected the defendant's substantial rights. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *cert. denied*, 125 S. Ct. 43 ( 2005). Provided all three conditions are met, an appellate court may, in its

---

[1]Brown also claims that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Booker v. United States*, 543 U.S. 220 (2005), and *Shepard v. United States*, —U.S.—, 125 S. Ct. 1254 (2005), require the additional facts and nature of his prior convictions either be admitted by him or found by a jury. His argument is without merit. In *United States v. Stone,* this circuit held that the Fifth and Sixth Amendments do not require that convictions used as the bases for sentence enhancements under the ACCA be based on a jury finding. 306 F.3d 241, 243 (5th Cir. 2002). *See also Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) (treating the fact of a prior conviction as a permissible sentencing factor that need not be admitted by the defendant or found by the jury beyond a reasonable doubt). This court in *Stone* also held that there is no Sixth Amendment violation under *Apprendi* where a district court considers the nature of a prior conviction rather than submitting it to the jury. *Stone*, 306 F.3d at 243.

discretion, review the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

Sentencing under the ACCA requires a defendant to have three prior felony convictions, which qualify as either a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines violent felony:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that (i) *has as an element the use, attempted use, or threatened use of physical force against the person of another. . . .*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Generally, the sentencing court will look to the statutory definition of the crime to determine if it qualifies as a violent felony under the ACCA. *Taylor v. United States*, 495 U.S. 575, 602 (1990). *See also United States v. Montgomery*, 402 F.3d. 482, 486 (5th Cir. 2005).

In 1996, Brown pled guilty to two counts of simple robbery under Louisiana state law. At that time, the Louisiana statute provided: "Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." LA. REV. STAT. § 14:65 (1996). Brown argues that the Louisiana statute defines robbery in the disjunctive with the result that the statute can be violated simply with intimidation and, therefore, without the use or threatened use of force. He further argues that, because the record has no competent documentation to support the fact that his robbery convictions were committed with force or threat of force, these convictions do not qualify as violent felonies under the ACCA.

3

Brown's arguments are without merit. Louisiana law defines "crime of violence" as the "use, or threatened use of physical force" and specifically includes the crime of simple robbery as a crime of violence. The Louisiana statute provides:

> Crime of violence means an offense that has, as an element, *the use, attempted use, or threatened use of physical force against the person or property of another*, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

LA. REV. STAT. § 14:2(13) (emphasis added). The statute enumerates qualifying offenses, and it includes simply robbery among them. LA. REV. STAT. § 14:2(13)(y). Under Louisiana law, simple robbery is a crime of violence, and a crime of violence necessarily entails the use or threatened use of force. Therefore, simple robbery entails the use or threatened use of force.[2]

No case in this circuit has directly addressed whether a conviction for simple robbery under Louisiana law is a predicate felony under the ACCA, but the Fourth and the Ninth Circuits have found that a robbery, where the definition includes the words "by violence or intimidation," does qualify as a violent felony under the ACCA. *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995); *United States v. Melton*, 344 F.3d 1021, 1025–26 (9th Cir. 2003) (citing to and agreeing with

---

[2]Moreover, while "intimidation" within the statutory definition of simple robbery is not further defined by Louisiana statute, there is case law that explores the import of the term. In 1981 the Louisiana Supreme Court addressed the interpretation of the "by use of force or intimidation" element by way of comparing simple robbery to theft. The court stated: "By providing a more severe grade of theft for those instances in which a thief uses force or intimidation to accomplish his goals, the legislature apparently sought to emphasize the increased risk of danger to human life posed when a theft is carried out in the face of the victim's opposition." *State v. Mason*, 403 So. 2d 701, 703 (La. 1981). Louisiana courts often cite to *Mason* when construing the term intimidation. *See, e.g., State v. Jones*, 00-190, (La. App. 5 Cir. 7/25/00); 767 So. 2d 808, 810; *State v. Florant*, 602 So. 2d 338, 341–42 (La. App. 4 Cir. 1992); *State v. Jackson*, 454 So. 2d 1220, 1222 (La. App. 2 Cir. 1984). The treatment by Louisiana courts of the "force or intimidation" element of simple robbery, by referencing an "increased risk of danger to human life," shows that intimidation entails the threat of force.

4

*Presley*). In *Presley*, the Fourth Circuit reasoned: "Violence is the use of force. Intimidation is the threat of the use of force. Thus, because robbery . . . has as an element the use or threatened use of force, [defendant's] robbery convictions were properly used as predicates under the ACCA." 52 F.3d at 69. *C.f. United States v. Tirrell*, 120 F.3d 670, 680 (7th Cir. 1997) (finding that the Michigan crime of unarmed robbery, the definition of which included the disjunctive phrase "putting in fear," qualified as a violent felony under the ACCA because "putting in fear constitutes threatening the use of physical force.")

## IV. CONCLUSION

We hold that the Louisiana crime of simple robbery qualifies as a violent felony under the ACCA as a matter of law. The district court made no error, plain or otherwise, and the district court's sentence is AFFIRMED.