United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41633
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY JAMES LEE HORNE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-81
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Tommy James Lee Horne appeals from his resentencing as an
armed career criminal following his conviction of being a
convicted felon in possession of a firearm and possessing a
weapon made from a modified shotgun.  Horne's sentence was
enhanced based on his status as an armed career criminal.  We
previously remanded Horne's case for reconsideration in light of
United States v. Booker, 543 U.S. 220 (2005), and Shepard v.
United States, 544 U.S. 13 (2005).  United States v. Horne, 141
F. App'x 247 (5th Cir. 2005).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Horne first contends that the district court erred by using two Michigan convictions for enhancement because his civil rights had been restored by operation of state law. That issue was beyond the scope of our remand, and the district court lacked discretion to consider it. See United States v. McCrimmon, 443 F.3d 454, 462 (5th Cir.), cert. denied, 126 S. Ct. 1931 (2006).

Horne next contends that Booker and Shepard required the district court to present the evidence of his prior convictions to a jury and for the jury to find those prior convictions beyond a reasonable doubt. We have rejected an identical contention. United States v. Brown, 437 F.3d 450, 451 n.1 (5th Cir.), cert. denied, 126 S. Ct. 2310 (2006).

Horne finally contends that he received inadequate notice of the Government's intention to use his prior convictions for enhancement. We decided that issue on Horne's first appeal. United States v. Horne, 117 F. App'x 327, 328 (5th Cir. 2004).[1] Our previous determination constitutes the law of the case, and the issue was not subject to reexamination by the district court. See United States v. Lee, 358 F.3d 315, 320 (5th Cir. 2004).

AFFIRMED.

---

[1] On remand from the Supreme Court, we seemed to suggest that in the first appeal we held the notice argument foreclosed by *Apprendi* and *Stone*. Our first opinion shows, however, that we squarely addressed and rejected the notice argument.