United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-61070
Summary Calendar

---

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

NICKEY LYNN HAIRE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:04-CR-181-1
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

    Nickey Lynn Haire appeals following his guilty plea to being
a felon in possession of a firearm, in violation of 18 U.S.C.
§ 922(g)(1) and the Armed Career Criminal Act (ACCA), 18 U.S.C.
§ 924(e)(1).  The district court sentenced Haire based on his
status as an armed career criminal under § 924(e)(1) and U.S.S.G.
§ 4B1.4 because Haire has three previous convictions for burglary
of a dwelling.

    Although Haire incorrectly characterizes his sentence as
falling under the "career offender" provision of U.S.S.G.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 4B1.1 rather than the ACCA and § 4B1.4, he reiterates arguments that he raised in the district court, where he cited the correct provision of the Sentencing Guidelines. Haire argues that his sentence was unreasonable and violated United States v. Booker, 543 U.S. 220 (2005), because a sentence enhancement was required based on the fact of his prior convictions without regard to the underlying facts of those convictions. He contends that the violent nature of his prior convictions had to be found beyond a reasonable doubt. Haire's arguments are unavailing.

The ACCA requires a mandatory sentence of at least 15 years for a defendant convicted of being a felon in possession of a firearm who has three previous convictions for a "violent felony" or a "serious drug offense" committed on different occasions. See § 924(e)(1). The statute specifically enumerates burglary as a violent felony. § 924(e)(2)(B)(ii). Haire admitted as part of his guilty plea that he possessed a firearm and that he had been previously convicted of three burglary offenses committed on separate occasions. Therefore, the ACCA was correctly applied. See United States v. Medina-Gutierrez, 980 F.2d 980, 982 (5th Cir. 1992); see also § 4B1.4. The district court's sentence of Haire as an armed career criminal did not violate Booker or the Constitution because the additional facts and nature of the prior convictions did not require a finding by a jury beyond a reasonable doubt. See United States v. White, 465 F.3d 250, 251

(5th Cir. 2006); <u>United States v. Brown</u>, 437 F.3d 450, 451 n.1

(5th Cir. 2006).

AFFIRMED.