**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4500
_____

JUSTIN PIERRE LEDOUE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A024-677-688)
Immigration Judge:  Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2011
Before:  AMBRO, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: November 30, 2011)
_____

OPINION
_____

PER CURIAM

Justin Pierre Ledoue is a citizen of Haiti who became a lawful permanent resident

of the United States in 1988.  Pursuant to a Delaware conviction on two counts of

aggravated menacing, in violation of Del. Code Ann. tit. 11, § 602(b), he was sentenced

1

to terms of five and three years of imprisonment, though each term was suspended so that Ledoue served only a total of six months. Upon completion of his state sentence, Ledoue was charged by the Government as being removable for having committed an "aggravated felony," as that term is defined in 8 U.S.C. § 1101(a)(43)(F): "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." The Board of Immigration Appeals (BIA) upheld the Government's charge. The primary question before us is whether aggravated menacing under Delaware law constitutes an aggravated felony for immigration purposes because it is a "crime of violence." Concluding that it does, we will deny Ledoue's petition for review (PFR).

I.

Ledoue filed with the Immigration Judge (IJ) a motion to terminate his removal proceedings, contending, inter alia, that aggravated menacing under Delaware law is not a crime of violence under 18 U.S.C. § 16, and therefore it does not constitute an aggravated felony under § 1101(a)(43)(F). (AR 136-44.) In response, the Government submitted a "Brief in Support of Aggravated Felony Charge." (AR 145-48.) The IJ ultimately agreed with Ledoue and granted his motion.

The IJ stated in his memorandum order that, "[i]n the case at hand, respondent displayed a deadly weapon in such manner as to cause fear of imminent physical injury," i.e., the conduct proscribed by Del. Code Ann. tit. 11, § 602(b). (AR 83.) The IJ reasoned that "while it does not take much to perceive that displaying a deadly weapon

2

could easily escalate into actual injury through its use, the use of the deadly weapon is not an element under the statute." (AR 83.) The IJ thus determined that because "a *crime of violence* under § 16(b) must be confined to the specific offense," the act of "displaying a deadly weapon, even where such display intentionally places the victim in fear of imminent physical injury, does not, 'by its nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" (AR 84) (emphasis in original). In addition, the IJ noted that "[b]ecause the state statute contains no elements pertaining to *force*, section 16(a) is not implicated." (AR 83.)

In a decision dated July 1, 2010, the BIA sustained the Government's appeal, concluding as follows:

> this is not a mere 'possession of a deadly weapon offense.' The Immigration Judge placed undue focus on . . . § 16(b), rather than examining the 'threatened use of force' under § 16(a), that is inherent in the Delaware statute. Under the Delaware Aggravated Menacing statute, the brandishing of what appears to be 'a deadly weapon that *intentionally* places another person in fear of imminent physical injury' necessarily involves 'the *threatened* use of force' under 18 U.S.C. § 16(a) in furtherance of the offense (emphasis added). Thus, we find the Delaware statute is a crime of violence for much the same reasons as caused the Third Circuit to hold that a Pennsylvania assault statute was a § 16(a) crime of violence, where the statute punished an attempt by physical menace to put another in fear of serious bodily injury." See Singh v. Gonzales, 432 F.3d 533, 539 (3d Cir. 2006).

(AR 36) (emphasis in original).[1]

_____

[1] The BIA also rejected Ledoue's claim that his aggravated menacing conviction

3

The BIA remanded to the IJ in order to continue removal proceedings so that Ledoue would have an opportunity to file any additional applications to block his removal.[2] On remand to the IJ, Ledoue "opted not to pursue other forms of relief and was ordered removed by the Immigration Judge on November 1, 2010." (PFR at 2.)[3] Ledoue filed this petition for review on December 1, 2010.

II.

The parties agree, and they are correct, that we have jurisdiction over the PFR under 8 U.S.C. § 1252(a), notwithstanding the fact that Ledoue waived his appeal to the BIA following the IJ's removal order. See Popal v. Gonzales, 416 F.3d 249, 252 n.1 (3d Cir. 2005) ("the regulations provide that 'the decision of the [IJ] becomes final *upon waiver of appeal* or upon expiration of the time to appeal if no appeal is taken whichever occurs first.'") (citation omitted, emphasis in original); see also id. at 252 ("Because the BIA fully considered the only issue that Popal has ever raised . . . it would be absurd to expect him to appeal the IJ's decision for a second round of BIA review."). Ledoue's PFR was timely because it was filed within thirty days of the IJ's final order of removal. See 8 U.S.C. § 1252(b)(1); McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006).

---

had not been established by virtue of a birth date discrepancy in the record. (AR 36.)

[2] The BIA denied Ledoue's subsequent motion to reconsider its July 1, 2010 decision. (AR 10-11.)

[3] Specifically, the IJ's November 1, 2010 order indicated that Ledoue "waived" his right to appeal. (AR 1.)

We have jurisdiction to review constitutional claims and questions of law presented by Ledoue's PFR. See Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010). We review de novo the BIA's determination that his criminal conviction constitutes an aggravated felony as defined in the Immigration and Nationality Act (INA). See Denis v. Att'y Gen., 633 F.3d 201, 208 (3d Cir. 2010). Similarly, we review de novo Ledoue's argument on appeal that the agency violated his constitutional due process rights. See Leslie v. Att'y Gen., 611 F.3d 171, 175 (3d Cir. 2010).

III.

Under the INA, aliens convicted of aggravated felonies are removable. See 8 U.S.C. § 1227(a)(2)(A)(iii). "The term 'aggravated felony' applies not only to federal offenses, but also to violations of state law." Restrepo v. Att'y Gen., 617 F.3d 787, 791 (3d Cir. 2010). Here, the Government alleged in the April 2009 "Notice to Appear" that Ledoue's Delaware conviction for aggravated menacing constituted an aggravated felony under § 1101(a)(43)(F) and 18 U.S.C. § 16. (AR 187.) In assessing whether Ledoue's crime of conviction falls within the ambit of those statutes, we employ the "formal categorical approach" from Taylor v. United States, 495 U.S. 575 (1990). See Ng v. Att'y Gen., 436 F.3d 392, 396 (3d Cir. 2006).[4] "Under that approach, an adjudicator

---

[4] Del. Code Ann. tit. 11, § 602(b) does not contain disjunctive elements, nor is it disjunctive in any "relevant sense," so we do not depart from the formal categorical approach. Cf. Garcia v. Att'y Gen., 462 F.3d 287, 293 n.9 (3d Cir. 2006) ("Here, [35 Pa. Stat. Ann. § 780-113(a)(30)] describes three distinct offenses: manufacture, delivery, and possession with the intent to deliver or manufacture. Based on the broad scope of section 12(a)(30), it appears that the section may encompass conduct that does not involve

5

must look only to the statutory definitions of the prior offenses, and may not consider other evidence concerning the defendant's prior crimes, including the particular facts underlying a conviction." Id. at 397 (internal quotations and citation omitted). Employing the categorical approach , and exercising de novo review, we agree with the BIA that Ledoue was convicted of a "crime of violence" under 18 U.S.C. § 16(a), making him a removable aggravated felon.

A.

Section 16 of Title 18 in the United States Code defines "crime of violence" as:

(a) an offense that has as an element the use, attempted use, or *threatened use* of physical force against the person or property of another, or

(b) any offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(emphasis added).

In Singh v. Gonzales, 432 F.3d 533 (3d Cir. 2006), we held that a conviction for simple assault under Pennsylvania law was a crime of violence, and thus an aggravated felony, under 18 U.S.C. § 16(a). See id. at 540. In reaching that result, we reasoned that under Pennsylvania law, "[a] person is guilty of simple assault if he . . . attempts by physical menace to put another in fear of imminent serious bodily injury." Id. at 539

---

trading or dealing [a controlled substance] . . . As a result, it is unclear from the face of the statute whether a conviction under the section automatically qualifies as an aggravated felony. Therefore, the statute is disjunctive in the relevant sense and departure from the categorical approach is appropriate").

(citation omitted). "Physical menace," we noted, "refers to physical acts committed to threaten another with corporeal harm." Id. We characterized any distinctions "between such acts [of physical menace] and the concept of 'the use, attempted use, or threatened use of physical force' employed by § 16(a)" as "meaningless." Id. at 539-40.

The Delaware statute at issue criminalizes the following conduct: "A person is guilty of aggravated menacing when by displaying what appears to be a deadly weapon that person intentionally places another person in fear of imminent physical injury." Del. Code Ann. tit. 11, § 602(b). Like one for simple assault under Pennsylvania law, a conviction for aggravated menacing under Delaware law requires an intentional act, the purpose of which is to threaten another with impending corporeal harm. See Pitts v. Delaware, --- F.3d ---, 2011 WL 2418935, at *6 (3d Cir. June 17, 2011, No. 10-3388). Conviction under the Delaware law also requires that the threat be communicated by the display of what appears to be a deadly weapon. See, e.g., Lewis v. State, 869 A.2d 327 (Del. 2004) (table) ("the prosecution presented sufficient evidence to support the jury's aggravated-menacing verdict. First, the record reveals that Custis stated she *was* afraid while Lewis choked her. It was logical for the jury to infer that when Lewis picked up the pipe moments later, Custis remained fearful that he would continue attacking her") (emphasis in original). Following Singh, then, we have little trouble concluding that Ledoue's conviction for aggravated menacing constitutes a crime of violence and, as a result, an aggravated felony. See also United States v. Melchor-Meceno, 620 F.3d 1180, 1185 (9th Cir. 2010) ("It is impossible to conceive of a situation involving fear of

7

imminent serious bodily injury without a threat of force").

B.

Contrary to Ledoue's assertion (Pet'r Br. at 13-14, 18), Johnson v. United States, --- U.S. ---, 130 S. Ct. 1265 (2010), does not undermine our conclusion that he was convicted of an aggravated felony. In Johnson, the Supreme Court held that a Florida conviction for simple battery did not constitute a violent felony for purposes of the Armed Career Criminal Act (ACCA). The Court explained that the phrase "physical force" in the first clause of ACCA's definition means "violent force"—i.e., "force capable of causing physical pain or injury to another person," id. at 1271—and that Florida's simple battery statute only required for conviction intentional physical contact, regardless of how slight. See id. at 1269-70. In citing Johnson, we believe Ledoue has missed a critical piece to this case, for he was convicted of "intentionally plac[ing] another person in fear of," as opposed to the actual infliction of, physical harm from what appears to be a deadly weapon. Furthermore, we emphasized above that § 16(a) includes within its definitional reach the "threatened use of physical force." Intentionally threatening another with what is perceived to be a deadly weapon is inarguably threatening the victim with "violent force," as that phrase is defined in Johnson, irrespective of whether the threat can actually be fulfilled. See Singh, 432 F.3d at 539-40 (focusing on the intent of the perpetrator to threaten the victim with physical injury).[5]

_____

[5] We also note the BIA's observation in this case that "Delaware, pursuant to Del. Code Ann. Title 11 § 4201(c), has specifically designated the offense of Aggravated

## C.

In closing we will address Ledoue's argument that the BIA's invocation of 11 U.S.C. § 16(a) to deem him an aggravated felon—when the parties' filings before the BIA addressed only § 16(b)—was "a grievous violation of Petitioner's right to due process and fundamental fairness." (Pet'r Br. at 21.)[6] Insofar as it was considering the issue of whether Ledoue's crime of conviction constituted an aggravated felony, the BIA was faced with a pure question of law. And in answering that question, "it is well settled that the BIA has authority to conduct a *de novo* review of the record and issue its own decision." Simeonov v. Ashcroft, 371 F.3d 532, 538 (9th Cir. 2004); see also 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law . . . in appeals from decisions of immigration judges de novo").

The parties' failure to brief before the BIA the application of § 16(a) is not the fault of the agency, and we thus do not believe that this is a situation where the alien was "prevented from reasonably presenting his case." Leslie, 611 F.3d at 181.

## IV.

Accordingly, for the reasons given in this opinion, Ledoue's petition for review will be denied.

---

Menacing . . . to constitute a '*violent* felony." (AR 36) (emphasis in original).

[6] Ledoue's 'Government waiver' argument is wholly unconvincing. Cf. Kaplun, 602 F.3d at 267.