# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40970
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

JEREMIAS OVALLE-CHUN, also known as Jeremias Chun-Gonzalez,

  Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:

  Defendant–Appellant Jeremias Ovalle-Chun pleaded guilty to one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326. Because the district court held that Ovalle-Chun's 2004 conviction for aggravated menacing in Delaware was for a "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines Manual, it applied a twelve-level enhancement to Ovalle-Chun's base offense level. Ovalle-Chun argues that his prior conviction does not qualify as a crime of violence. Because aggravated menacing is an offense under state law that has as an element the threatened

No. 15-40970

use of physical force against the person of another, it qualifies as a crime of violence. Accordingly, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2015, United States Border Patrol agents encountered Defendant–Appellant Jeremias Ovalle-Chun in Brooks County, Texas. Following an immigration inspection, the agents determined that Ovalle-Chun was a citizen and national of Guatemala with no legal right to enter or remain in the United States. Ovalle-Chun was charged with one count of being an alien who was unlawfully present in the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b). Pursuant to a plea agreement, he pleaded guilty to one count of illegal reentry following removal.

Previously, Ovalle-Chun had been deported from the United States on November 21, 2001, following a conviction in Delaware for misdemeanor terroristic threatening. He thereafter reentered the United States under the name "Javier Gordinez" and was indicted on four counts by a Delaware grand jury on April 22, 2004. Ovalle-Chun pleaded guilty to one count of aggravated menacing, in violation of Title 11, § 602(b) of the Delaware Code. Following this conviction, Ovalle-Chun was convicted in federal court for the federal offense of illegal reentry after deportation and was deported in April 2005. Ovalle-Chun later returned to the United States again and was deported on September 17, 2014, following a conviction for driving while intoxicated in Dallas, Texas.

Following the acceptance of his guilty plea in the instant case, a presentence investigation report ("PSR") was prepared using the 2014 edition of the United States Sentencing Commission Guidelines Manual ("U.S.S.G."). The PSR reflected a base offense level of eight. Ovalle-Chun's offense level was reduced by three levels under U.S.S.G. § 3E1.1 because of his acceptance of responsibility and increased by twelve levels under § 2L1.2(b)(1)(A)(ii) because

2

he had previously been deported after being convicted of a "crime of violence," i.e., his 2004 aggravated menacing conviction in Delaware.  A total offense level of seventeen combined with a criminal history category of III yielded an advisory guidelines imprisonment range of 30 to 37 months.

Ovalle-Chun objected to the twelve-level enhancement and argued that his prior Delaware conviction for aggravated menacing was not a crime of violence for the purposes of U.S.S.G. § 2L1.2.  At the sentencing hearing, the district court overruled the objection and imposed a below-guidelines sentence of 24 months imprisonment and a two-year term of supervised release.  Ovalle-Chun timely appealed.  On appeal, Ovalle-Chun's only claim is that the district court erred in applying a twelve-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his 2004 Delaware conviction for aggravated menacing.

## II. STANDARD OR REVIEW

We review the district court's sentencing decision "for reasonableness." *United States v. Anderson*, 559 F.3d 348, 354 (5th Cir. 2009).  In doing so, we review the district court's interpretation of the guidelines *de novo* and its factual findings for clear error.  *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Whether a prior conviction qualifies as a crime of violence is a question of the interpretation of the guidelines and is reviewed *de novo*.  *See United States v. Calderon-Pena*, 386 F.3d 254, 256 (5th Cir. 2004) (en banc).

## III. SENTENCING ENHANCEMENT UNDER U.S.S.G. § 2L1.2

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a defendant's base offense level will be increased by twelve levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony

3

that is . . . a crime of violence."[1]  The commentary to the Guidelines defines "crime of violence" for the purposes of § 2L1.2(b)(1) as follows:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[2]  The parties note that Ovalle-Chun's 2004 Delaware conviction for aggravating menacing is not included among the enumerated offenses.  However, we conclude that aggravated menacing qualifies as a crime of violence because it is a state law offense "that has as an element the . . . threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

Under Title 11, § 602(b) of the Delaware Code, "[a] person is guilty of aggravated menacing when by displaying what appears to be a deadly weapon that person intentionally places another person in fear of imminent physical injury."[3]  "When determining whether a prior offense is a crime of violence because it has as an element the use, attempted use, or threatened use of force, district courts must employ the categorical approach established in *Taylor v. United States*, 495 U.S. 575, 602 (1990)." *United States v. Hernandez-*

---

[1] This enhancement only applies "if the conviction does not receive criminal history points."  U.S.S.G. § 2L1.2(b)(1)(A)(ii).  As noted in the PSR, Ovalle-Chun's 2004 conviction for aggravated menacing received no criminal history points.

[2] "Guidelines commentary 'is given controlling weight if it is not plainly erroneous or inconsistent with the guidelines.'" *United States v. Velasco*, 465 F.3d 633, 637 (5th Cir. 2006) (quoting *United States v. Urias–Escobar*, 281 F.3d 165, 167 (5th Cir. 2002)).

[3] "Aggravated menacing is a class E felony."  Del. Code Ann. tit. 11, § 602(b).

No. 15-40970

*Rodriguez*, 467 F.3d 492, 494 (5th Cir. 2006) (per curiam) (quoting *United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005)). This court has previously explained:

> [W]hen applying the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood" that triggers the sentencing enhancement. "If the [offense of conviction] has the same elements as the 'generic' . . . crime [in the sentencing enhancement], then the prior conviction can serve as [the] predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily . . . guilty of all the [generic crime's] elements.'"

*United States v. Schofield*, 802 F.3d 722, 727–28 (5th Cir. 2015) (citations omitted) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281, 2283 (2013)).

Here, the "generic" crime is an "offense under . . . state . . . law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The "statute forming the basis of the defendant's conviction," *Descamps*, 133 S. Ct. at 2281, is Title 11, § 602(b) of the Delaware Code. Thus, if § 602(b) "requires as a constituent element at least the threatened use of 'physical force,'" it qualifies as a crime of violence under the Guidelines. *United States v. Flores–Gallo*, 625 F.3d 819, 823 (5th Cir. 2010).

The Delaware Supreme Court addressed whether the crime of aggravated menacing included as an element the threatened use of physical force against the person of another in *Poteat v. State*, 840 A.2d 599 (Del. 2003). In that case, the court began its analysis by comparing the crime of menacing to the crime of robbery. *Id.* at 603–06. The court noted that "menacing is a lesser-included offense to robbery." *Id.* at 605. The court then explained that

5

No. 15-40970

"'threatening the immediate use of force upon a person'—the language for Robbery in the Second Degree and an element of Robbery in the First Degree— is identical to 'intentionally places another person in fear of imminent physical injury'—the language for Menacing and an element of Aggravated Menacing." *Id.* at 606. Thus, the Delaware Supreme Court held that aggravated menacing includes, as an element, "threatening the immediate use of force upon a person." *Id.*

Applying the categorical approach, "threatening the immediate use of force upon a person," *id.*, is indistinguishable from the "threatened use of physical force against the person of another," U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Therefore, the statute of conviction includes the same elements as the generic crime in the Guidelines and qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2281. Because aggravated menacing qualifies as a crime of violence, the district court committed no error in applying a twelve-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

On appeal, Ovalle-Chun advances two challenges to the application of the twelve-level enhancement.[4] As his first challenge, he contends that aggravated menacing does not involve physical force because it only requires that the victim have the perception that there is a weapon but does not require an actual weapon. This argument is unpersuasive for two reasons. First, the "force" required under U.S.S.G. § 2L1.2 must rise to the level of a violent force, *United States v. Herrera-Alvarez*, 753 F.3d 132, 137 (5th Cir. 2014), and a

---

[4] Ovalle-Chun also argues that his conviction for aggravated menacing does not fall under the generic meaning of the enumerated offense of aggravated assault. Because we conclude that Ovalle-Chun's aggravated menacing conviction qualifies as a crime of violence under the residual clause of the "crime of violence" definition, we need not, and do not, address whether aggravated menacing falls under the generic meaning of aggravated assault or any of the other generic crimes enumerated in U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). *See United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006) (noting a similar limitation on its analysis and holding).

conviction for aggravated menacing requires that the defendant "intentionally place[] another person in fear of imminent *physical injury*." Del. Code Ann. tit. 11, § 602(b) (emphasis added). Under Title 11, § 222(23) of the Delaware Code, "'[p]hysical injury' means impairment of physical condition or substantial pain." Impairing a person's physical condition or causing a person substantial pain is consistent with a force violent enough to constitute a crime of violence under U.S.S.G. § 2L1.2.[5] *See Herrera-Alvarez*, 753 F.3d at 137. Second, the lack of a weapon has not previously precluded this court from concluding that an offense involves a sufficiently violent force as an element of the offense. *United States v. Brown*, 437 F.3d 450, 451–52 (5th Cir. 2006). In *Brown*, this court concluded that the Louisiana offense of simple robbery entailed the use or threatened use of force despite the explicit provision that the offense did not require a dangerous weapon. *Id.* at 452–53. Thus, a defendant who does not actually possess a deadly weapon may nevertheless communicate an intent to use a deadly weapon or physical force more generally.

As his second challenge, Ovalle-Chun argues that no actual threat need be proved for a conviction under § 602(b) and that, therefore, aggravated menacing cannot serve as the predicate offense for a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We are unpersuaded by this argument, as "intentionally plac[ing] another in fear of imminent physical injury" constitutes a threat. *See Poteat*, 840 A.2d at 605 (recognizing that placing a person in fear of imminent physical injury "is identical" to threatening the use

---

[5] This court has previously held that "offensive touching" does not involve a sufficiently violent force for a given crime to qualify as a crime of violence. *Herrera-Alvarez*, 753 F.3d at 137. Impairing a person's physical condition or causing substantial pain certainly rises above offensive touching, which, under Delaware law, occurs when a person "[i]ntentionally touches another person either with a member of his or her body or with any instrument, knowing that the person is thereby likely to cause offense or alarm to such other person." Del. Code Ann. tit. 11, § 601(a)(1).

of force). Delaware courts have held that aggravated menacing requires both intentional conduct and that the victim actually be in fear of imminent physical injury. *State v. Amad*, 767 A.2d 806, 810 (Del. Super. Ct. 1999), *overruled on other grounds by Poteat*, 840 A.2d at 605. This holding is in line with our caselaw.

This court has previously explained that "[a] threat imports '[a] communicated intent to inflict physical or other harm.'" *United States v. White*, 258 F.3d 374, 383 (5th Cir. 2001) (quoting *Threat*, Black's Law Dictionary (6th ed. 1990)). Intentional conduct by the defendant combined with an actual fear of imminent physical injury in the victim is consistent with a "communicated intent to inflict physical . . . harm." *Id.* For example, in *Hernandez-Rodriguez*, this court held that the "conscious choice to discharge a firearm in the direction of an individual would constitute a real threat of force against his person," even when the individual discharging the firearm aimed only in the direction of the other person, not at the other person. 467 F.3d at 495. It follows that a person who intends to, and does, place another in fear of imminent physical injury by displaying what appears to be a deadly weapon has communicated an intent to inflict physical harm and, thus, threatened the use of force. *Cf. United States v. Dominguez*, 479 F.3d 345, 349 (5th Cir. 2007) (concluding that "an intentional touching with a deadly weapon . . . could at least put the victim on notice of the possibility that a weapon will be used more harshly in the future, thereby constituting a threatened use of force.").

Our conclusion that an aggravated menacing conviction under Title 11, § 602(b) of the Delaware Code qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) is consistent with the decisions of our sister circuits that have addressed similar questions. *See, e.g., United States v. Melchor–Meceno*, 620 F.3d 1180, 1186 (9th Cir. 2010) (concluding that Colorado's similar offense of menacing "requires active violent force" and "includes the requisite *mens rea*

of intent for a crime of violence"). In *Ledoue v. Attorney General*, 462 F. App'x 162 (3d Cir. 2011) (per curiam) (unpublished), the Third Circuit specifically considered whether Delaware's aggravated menacing statute qualified as a crime of violence under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(a). *Id.* at 163. Similar to U.S.S.G. § 2L1.2(b)(1)(A)(ii), 18 U.S.C. § 16(a) defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." As we do in this case, the Third Circuit applied the categorical approach from *Taylor*, 495 U.S. at 599. *Ledoue*, 462 F. App'x at 164. The court explained that "a conviction for aggravated menacing under Delaware law requires an intentional act, the purpose of which is to threaten another with impending corporeal harm," and "that the threat be communicated by the display of what appears to be a deadly weapon." *Id.* at 165. Accordingly, the court concluded that aggravated menacing qualified as a crime of violence. *Id.*

While Ovalle-Chun correctly points out that *Ledoue* is not precedential in the Third Circuit and not binding on this court, we nevertheless find it persuasive and decline Ovalle-Chun's invitation to depart from the Third Circuit's analysis and conclusion. Because aggravated menacing in violation of Title 11, § 602(b) of the Delaware Code qualifies as a crime of violence and can therefore serve as the predicate offense for a twelve-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), the district court committed no error in applying this enhancement.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.