# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30611
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD RICHARDSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-86-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Donald Richardson appeals his jury trial conviction and 210-month prison sentence for distribution of cocaine base (crack). Richardson argues that (1) the indictment did not charge him with a federal crime and, therefore, the indictment was not sufficient to confer subject matter jurisdiction on the federal court; (2) the prosecution violated the Fifth Amendment's double jeopardy clause; (3) the proceedings violated his Sixth Amendment rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30611

under the confrontation clause; (4) the district court abused its discretion by giving a jury instruction regarding accomplice testimony; (5) the district court erred in not holding a hearing to investigate possible juror bias; (6) the district court abused its discretion by issuing a modified *Allen*[1] charge to the jury rather than declaring a mistrial; (7) the evidence was insufficient to support his conviction; and (8) the district court erred in sentencing him as a career offender.  Richardson's motion requesting that we take judicial notice of the video showing the polling of the jurors is DENIED.

Subject matter jurisdiction "can never be waived or forfeited," *United States v. Cotton*, 535 U.S. 625, 630 (2002), therefore, allegations of defects may be raised at any time, *see* FED. R. CRIM. P. 12(b)(2), and are subject to de novo review, *see United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014). Richardson's argument that the indictment did not charge a federal offense is reviewed for plain error because he did not raise it in the district court. *See United States v. Partida*, 385 F.3d 546, 554 (5th Cir. 2004).  A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).  When those elements are shown, we have the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation and citation omitted).

Contrary to Richardson's assertions, the indictment sufficiently charged a federal offense by charging him under 21 U.S.C. § 841(a)(1). *See United States v. Daniels*, 723 F.3d 562, 572 (5th Cir.), *reh'g in part granted*, 729 F.3d 496 (5th Cir. 2013).  Moreover, the indictment conferred subject matter jurisdiction to the district court by charging Richardson "with an offense against the United States in language similar to that used by the relevant

---

[1] *Allen v. United States*, 164 U.S. 492, 501 (1896).

statute," *Isgar*, 739 F.3d at 838 (internal quotation marks and citations omitted), such that it allowed Richardson to "prepare his defense" and "invoke the double jeopardy clause in a subsequent proceeding," *United States v. Hoover*, 467 F.3d 496, 499 (5th Cir. 2006) (internal quotation marks and citations omitted).

As Richardson concedes, he did not raise the double jeopardy issue before the district court, and review is for plain error. *See United States v. Njoku*, 737 F.3d 55, 67 (5th Cir. 2013). He argues that his conviction violated double jeopardy because identical charges were still pending in state court. Even assuming *arguendo* there is a "sham" prosecution exception to the dual sovereignty doctrine, he does not assert that the state has moved forward with prosecuting him, and his argument is without merit because double jeopardy had not attached prior to the start of his federal trial given that he has not yet been tried in state court. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977). Moreover, his argument that his federal prosecution was a "sham" controlled by state authorities is meritless given that no state prosecution has occurred. *See United States v. Cothran*, 302 F.3d 279, 285 (5th Cir. 2002).

Because Richardson did not raise his confrontation clause argument in the district court, review is for plain error. *See United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). Richardson essentially complains that he was not able to cross examine a law enforcement official who played a major role in the investigation of the case. However, the Government is not required to call every witness competent to testify and that includes law enforcement officers. *See Clinigan v. United States*, 400 F.2d 849, 851 (5th Cir. 1968). Moreover, the proceedings did not run afoul of *Crawford v. Washington*, 541 U.S. 36, 59 (2004), because the jury did not hear any testimony from the official, nor did

the district court admit into evidence any reports or out of court testimonial statements made by the official.

Richardson asserts that the district court erred in giving a pattern jury instruction containing the definition of an accomplice because it misled the jury into to returning a guilty verdict. We review jury instructions for "abuse of discretion and harmless error." *United States v. Vasquez*, 677 F.3d 685, 692 (5th Cir. 2012). The district court charged the jury with instructions similar to Pattern Jury Instructions 1.14 and 1.15, which we have cited with approval. *See* 5TH CIR. PATTERN CRIM. JURY INSTR. §§ 1.14 and 1.15. The instructions correctly stated the law, and the use of the term "alleged accomplice" was supported by the facts, including testimony from Alton Celestine indicating that Richardson was the supply source for Celestine's own drug sales and that the two had established a relationship built around their drug transactions. *See United States v. Fuchs*, 467 F.3d 889, 901 (5th Cir. 2006).

According to Richardson, the district court erred by not conducting an in depth investigation into the prosecutor's admission that it had learned that a juror was acquainted with a paralegal who worked in the prosecutor's office. Evidentiary hearings are not required in every case where a juror may have been affected by an outside influence, and the trial court has "broad discretion" and "flexibility" to "handle such situations in the least disruptive manner possible." *United States v. Ramos*, 71 F.3d 1150, 1153 (5th Cir. 1995). In the instant case, the district court was presented with information that a juror was acquainted with a paralegal working in the office but who was not in any way involved with Richardson's prosecution and would not be appearing in court. This limited relationship did not require the district court to hold an evidentiary hearing as neither party alleged improper contact between the juror and the paralegal, jury tampering, or any other improper conduct. *Cf.*

No. 15-30611

*United States v. Sylvester*, 143 F.3d 923, 932 (5th Cir. 1998); *United States v. Denman*, 100 F.3d 399, 405 (5th Cir. 1996). Moreover, the record in the instant case does not support any bias, and Richardson does not allege any actual wrongdoing. His conclusional assertions and generalized speculations that the juror could have been biased are not sufficient to state a violation of his substantial rights. *See Solis v. Cockrell*, 342 F.3d 392, 395 (5th Cir. 2003).

Richardson additionally argues that the district court abused its discretion by not declaring a mistrial after the jury became deadlocked instead of issuing a modified *Allen* charge. This court reviews the giving of an *Allen* charge for abuse of discretion. *United States v. Andaverde-Tinoco*, 741 F.3d 509, 515 (5th Cir. 2013). Richardson preserved his objection to the issuance and language of the *Allen* charge, but concedes that review of his objection to the district court providing a written copy to the jury is for plain error. *See id.*

The district court's charge to the jury did not significantly deviate from the *Allen* charge approved by this court. *See* 5TH CIR. PATTERN CRIM. JURY INSTR. § 1.45 (2015). Accordingly, there is no prejudicial semantic difference between the given charge and the approved *Allen* charge. *See United States v. Allard,* 464 F.3d 529, 536 (5th Cir. 2006). The trial lasted approximately two days, and the jury deliberated for over six hours, during which times it sent three notes to the district court indicating that it was deadlocked. Under the totality of these circumstances, issuance of the *Allen* charge was not coercive. *See United States v. Eghobor*, 812 F.3d 352, 359 (5th Cir. 2015); *United States v. Betancourt*, 427 F.2d 851, 854 (5th Cir. 1970). Moreover, Richardson has not demonstrated that the district court plainly erred by giving the jury, at its request, a copy of the *Allen* charge. *Cf. United States v. Fossler*, 597 F.2d 478, 483-85 (5th Cir. 1979).

No. 15-30611

Richardson also argues that the district court erred in denying his motion for judgment of acquittal because there was not sufficient evidence to support his conviction.  As Richardson preserved this issue, we consider the evidence presented in the light most favorable to the Government to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *United States v. Lopez-Moreno*, 420 F.3d 420, 437-438 (5th Cir. 2005).

In order to prove the offense of conviction, the Government had to establish that Richardson knowingly distributed crack.  § 841(a)(1); *United States v. Sotelo*, 97 F.3d 782, 789 (5th Cir. 1996).  Celestine testified about his ongoing relationship with Richardson and stated that Richardson sold him crack on March 23, 2011.  *See* ROA.701-30.  Celestine's testimony alone is sufficient to support the verdict.  *See United States v. Thompson*, 735 F.3d 291, 302 (5th Cir. 2013).  In addition, Celestine's testimony was corroborated by (1) testimony from several law enforcement officials who were involved in the controlled buy, (2) video recordings and photos of the transaction, and (3) expert testimony stating that a laboratory analysis had indicated that the substance purchased during the transaction was in fact crack.  Richardson complaints about Celestine's perceived lack of credibility are without merit as it is within the sole province of the jury to weigh the evidence and determine the credibility of the witnesses.  *See United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012); *United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001).

In his final point of error, Richardson argues that the district court erred in enhancing his sentence based on his classification as a career offender under the Guidelines given that (1) his convictions did not qualify as crimes of violence, (2) the district court did not review the appropriate documents, and (3) the residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague in light

6

of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Richardson did not raise these specific arguments before the district court; therefore review is for plain error only. *See United States v. Herrera-Alvarez*, 753 F.3d 132, 135-36 (5th Cir. 2014). The career offender enhancement in U.S.S.G. § 4B1.1 applies in a controlled substance case like Richardson's if, among other things, the defendant has at least two prior felony convictions for a crime of violence or a controlled substance offense. § 4B1.1(a). Richardson had two prior Louisiana armed robbery convictions and one simple robbery conviction, all three of which qualify as crime of violence under the use of force clause of § 4B1.2. *See* LA. REV. STAT. ANN. §§ 14:64 & 14:65; *United States v. Brown*, 437 F.3d 450, 452-53 (5th Cir. 2006). Given that Richardson's prior simple robbery conviction and two armed robbery convictions qualify as crimes of violence for purposes of § 4B1.1(a), the district court did not plainly err by sentencing him as a career offender. *See Brown*, 437 F.3d 450, 452-53.

We need not address Richardson's arguments regarding the district court's use of the appropriate documents because the Government supplemented the record with the necessary documents. *See United States v. Vargas-Soto*, 700 F.3d 180, 183 (5th Cir. 2012). Furthermore, Richardson's argument based upon *Johnson* is without merit as the district court did not rely on § 4B1.2(a)(2)'s residual clause.

Accordingly, the judgment of the district court is AFFIRMED.