# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2024

Lyle W. Cayce
Clerk

_____

No. 23-10156

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Tedrick Demond Otunba,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-462-1

_____

Before Richman, *Chief Judge*, and Graves and Wilson, *Circuit Judges*.

Per Curiam:*

Tedrick Demond Otunba pleaded guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Otunba to 90 months of imprisonment and three years of supervised release. On appeal, Otunba's

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10156

appointed attorney filed an *Anders*[1] brief and moved to withdraw as counsel. We affirm the district court's judgment and deny the motion to withdraw as moot.

## I

Otunba pleaded guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). As part of his plea agreement, he waived the right to appeal or collaterally attack his conviction or sentence except (1) to appeal a sentence exceeding the statutory maximum or resulting from an arithmetic error, (2) to challenge the voluntariness of the plea or waiver, or (3) to bring claims of ineffective assistance of counsel. The district court sentenced Otunba to 90 months of imprisonment and three years of supervised release. He filed a timely notice of appeal.

Otunba's attorney moved to withdraw and filed an *Anders* brief, arguing there were no non-frivolous issues for appeal. Otunba was informed of his counsel's motion and of his right to respond, but he did not file a response. His counsel later filed a supplemental *Anders* brief after this court ordered him to address whether Otunba could raise a nonfrivolous Second Amendment challenge to his conviction under § 922(g)(1) in light of *New York State Rifle & Pistol Ass'n v. Bruen*.[2] Otunba was informed of his counsel's supplemental brief and filed a response, arguing that § 922(g)(1) is unconstitutional.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] 597 U.S. 1 (2022).

No. 23-10156

## II

### A

Otunba entered into a knowing and voluntary appeal waiver, and the Government informed Otunba's counsel that it plans to enforce the waiver. Nevertheless, we pretermit consideration of Otunba's waiver and instead address the merits of his Second Amendment challenge.[3]

### B

Otunba's challenge fails on plain error review. Otunba did not raise a Second Amendment challenge before the district court so our review is for plain error. To establish reversible error in the plain error context, Otunba must show (1) an error, (2) that is clear or obvious, and (3) that affected his substantial rights.[4] Even if Otunba makes such a showing, this court has discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."[5]

A "lack of binding authority is often dispositive in the plain error context."[6] "[E]ven where an argument merely requires extending existing

---

[3] *See United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *2 (5th Cir. Sept. 8, 2023) (per curiam) (unpublished) ("Although the Government advances a compelling argument regarding the applicability of [defendant's] appeal waiver, we nevertheless elect to evaluate his argument on the merits."), *cert. denied*, 144 S. Ct. 701 (2024).

[4] *See United States v. Brown*, 437 F.3d 450, 451 (5th Cir. 2006).

[5] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alterations and internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)); *see also United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) ("Additionally, we do not view the fourth prong as automatic if the other three prongs are met.").

[6] *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022) (internal quotation marks omitted) (quoting *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015)), *cert. denied*, 143 S. Ct. 282 (2022).

precedent, the district court's failure to do so cannot be plain error."[7] Because there is no binding precedent holding § 922(g)(1) unconstitutional, and it is not clear that *Bruen* dictates such a conclusion, Otunba is unable to demonstrate an error that is clear or obvious.[8]

\* \* \*

For the foregoing reasons, Otunba's conviction and sentence are AFFIRMED, and counsel's motion to withdraw is DENIED as moot.

---

[7] *Id.* (internal quotation marks omitted) (quoting *Jimenez v. Wood Cnty.*, 660 F.3d 841, 847 (5th Cir. 2011)).

[8] *See United States v. Smith*, No. 22-10795, 2023 WL 5814936, at \*3 (5th Cir. Sept. 8, 2023) (per curiam) (unpublished) (holding that the defendant failed to establish plain error when challenging the constitutionality of § 922(g)(1) under *Bruen* "given the lack of binding authority deeming § 922(g)(1) unconstitutional"), *cert. denied*, 144 S. Ct. 701 (2024).