United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11072
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRELL M. CLARK,

Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Texas
No. 4:04-CR-70-3

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

Terrell M. Clark pled guilty to stealing a firearm from a licensed dealer in violation of 18 U.S.C. §§ 924(m), (c)(1)(A), and was sentenced, after an upward departure, to 240 months in prison. Clark now appeals his sentence, arguing that the district court erred in finding he committed an additional robbery by a preponderance of the evidence, denying his motion to recuse, and imposing an unreasonable sentence. Finding no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  BACKGROUND

In June 2004, Terrell Clark pled guilty to the November 2003 robbery of the 183 Pawn Shop ("183 robbery") near Fort Worth, Texas, in violation of 18 U.S.C. § 924(m), (c)(1)(A).  Prior to his guilty plea, Clark entered into a cooperation agreement with the government, pursuant to U.S.S.G. § 1B1.8, in which he agreed to disclose his knowledge of crimes committed by himself and others. During interviews with authorities, Clark admitted that he robbed the Alvarado Pawn Shop ("Alvarado robbery") in Alvarado, Texas in August 2003.

At Clark's sentencing for the 183 robbery in October 2004, the district court found by a preponderance of the evidence that Clark committed the Alvarado robbery.  Even though the government believed it did not have enough information to reach this conclusion without Clark's admission during the cooperation interviews, the court overruled Clark's and the government's objections to its consideration of the firearms stolen in that robbery.

In determining Clark's sentence, the court started with a base offense level of eighteen and added six levels pursuant to U.S.S.G. § 2K2.1(b)(1)(C) because Clark and his associates had taken twenty-eight firearms in both the Alvarado and 183 robberies. After making other guidelines adjustments, the guideline sentence range was 154-171 months.  The government requested a downward

departure for Clark's cooperation, but the court upwardly departed from the guideline range and imposed a sentence of 240 months. In reaching the 240-month sentence, the court asserted that it had actually departed downward from the guideline range of 454-471 months Clark would have faced had he been convicted of the Alvarado robbery. After Clark appealed and the government moved to vacate the sentence, this court, in a brief opinion, vacated Clark's sentence and remanded for resentencing. United States v. Clark, 132 F.App'x 529 (5th Cir. 2005) (unpublished).

On August 30, 2005, two days before resentencing, Clark moved to recuse Judge McBryde, but the court denied the motion and reimposed the 240-month sentence. The court based this decision on an expanded record of information regarding the Alvarado robbery that the government provided, including twelve new exhibits. This information had been part of the government's file before the first sentencing but was previously not furnished to the court. Excluding Clark's admission during his cooperation interviews, the district court again found by a preponderance of the evidence that Clark had committed the Alvarado robbery. Clark now appeals.

## II. STANDARD OF REVIEW

"Factual bases for sentencing need only be shown by a preponderance of the evidence and are reviewed for clear error." United States v. Froman, 355 F.3d 882, 893 n.10 (5th Cir. 2004); see also United States v. Shacklett, 921 F.2d 580, 584 (5th Cir.

3

1991). "In order to satisfy this clear error test all that is necessary is that the finding be plausible in light of the record as a whole." United States v. Edwards, 303 F.3d 606, 645 (5th Cir. 2002). After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), this court reviews a defendant's sentence, including an upward departure, for reasonableness. United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Moreover, this court reviews "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006).

## III. DISCUSSION

### A. Alvarado Robbery

Clark initially contends that, excluding his admission during a protected cooperation interview, there was insufficient evidence that he committed the Alvarado robbery. Sentencing courts are prohibited from using self-incriminating information provided pursuant to a cooperation agreement in determining the guideline range. U.S.S.G. § 1B1.8(a); see also Shacklett, 921 F.2d at 582. However, the court may use information "known to the government prior to entering into the cooperation agreement." U.S.S.G. § 1B1.8(b)(1); see also United States v. Betancourt, 422 F.3d 240, 247 (5th Cir. 2005); United States v. Marsh, 963 F.2d 72, 74 (5th Cir. 1992).

4

Considering the evidence as a whole, and excluding Clark's admission during the cooperation interview, the district court did not clearly err in finding by a preponderance of the evidence that Clark committed the Alvarado robbery. Investigators noted that the 183 and Alvarado robberies were similar, and victims identified Clark as a potential suspect in the Alvarado robbery. Moreover, Clark possessed firearms from the Alvarado robbery in his house, and, of the three Alvarado robbery suspects, Clark was the only one to whom items taken in the Alvarado robbery had been traced. Finally, Clark transferred a gun from the Alvarado robbery to an associate, and he planned a robbery around the time that the Alvarado robbery occurred. The district court's upward departure based on the Alvarado robbery was not clear error. <u>See, e.g.</u>, <u>United States v. Reveles</u>, 190 F.3d 678, 685 (5th Cir. 1999) (no clear error in finding that all shipments contained marijuana); <u>United States v. Boutte</u>, 13 F.3d 855, 860 (5th Cir. 1994) (no clear error in finding that defendant was organizer or leader).

## B. Judicial Recusal

Clark next contends that the district court abused its discretion by denying his motion to recuse from resentencing because the court "went to great pains" to discredit the testimony of the government's agent. He also suggests that the court's bias is evidenced by its imposition of a lesser sentence on Clark's co-defendant. This court reviews the denial of a motion to disqualify

5

under 28 U.S.C. § 455 for abuse of discretion.  See Sensley v. Allbritton, 385 F.3d 591, 598 (5th Cir. 2004).

Section 455(a) requires that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  We have interpreted this statute "to require recusal if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."  Sensley, 385 F.3d at 599 (citing Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 860-61, 108 S. Ct. 2194, 2203 (1988)).  However, the Supreme Court noted in Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994), that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  See also United States v. Mizell, 88 F.3d 288, 300 (5th Cir. 1996) (noting that the "grounds for recusal that Mizell asserts consist of judicial rulings which the district judge was required to make") (emphasis in original).

We cannot review arguments that Clark raises for the first time on appeal.  See Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003) ("[r]equests for recusal raised for the first time on appeal are generally rejected as untimely") (citing Sanford, 157 F.3d at 988-89).  Clark argued before the district court that the motion to recuse should be granted because the court had previously used information protected by the cooperation agreement at his first sentencing.  He abandons this argument on appeal and

6

asserts two new grounds for recusal.  As we noted in <u>Andrade</u>, Clark raises these new arguments after an adverse judgment and for the first time on appeal.  <u>See</u> 338 F.3d at 459.  These arguments will not be considered.

But even if we employ plain-error review "for the sake of argument," <u>see</u> <u>id.</u> at 459 n.4, Clark's contentions are meritless. He complains of judicial decisions that the court was required to make and which are insufficient to question the court's impartiality.  <u>See</u> <u>Mizell</u>, 88 F.3d at 300; <u>see also</u> <u>United States v. Landerman</u>, 109 F.3d 1053, 1066 (5th Cir. 1997) ("[T]he judge's rulings should constitute grounds for appeal, not for recusal."). There is no evidence that Judge McBryde relied upon knowledge acquired outside the judicial proceedings or displayed a "deepseated animosity" toward Clark that rendered "fair judgment impossible."  <u>See</u> <u>Liteky</u>, 510 U.S. at 556, 114 S. Ct. at 1158.

## C.  Reasonableness

Clark next challenges the reasonableness of his 240-month sentence when compared to the 192-month sentence his co-defendant received.  Clark concedes that the district court took into account the sentencing factors in 18 U.S.C. § 3553(a) and recognized the sentencing disparity, yet he argues that the district court failed to consider the factor of disparity in § 3553(a)(6).

The district court adequately explained that its reasons for increasing Clark's sentence above the guideline range were

7

grounded in the factors articulated in 18 U.S.C. § 3553(a). <u>See</u> <u>Zuniga-Peralta</u>, 442 F.3d at 347-49. The court addressed the disparity between the two sentences by stating that it had disbelieved Clark's testimony at Rhodes's trial that Rhodes had participated in the Alvarado robbery, but it had found by a preponderance of the evidence that Clark participated in the Alvarado robbery. <u>Cf.</u> <u>United States v. Smith</u>, 440 F.3d 704, 709 (5th Cir. 2006); <u>United States v. Candia</u>, 454 F.3d 468, 477 (5th Cir. 2006). Whether or not this court would have issued the same sentence, we cannot conclude that it was unreasonable.

## D. Sentencing Error

Relying upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), Clark argues that the district court erred by increasing his sentence based upon facts not included in the indictment and not proven to a jury beyond a reasonable doubt. Clark's argument is foreclosed by <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005). Finally, Clark argues that his sentence on remand exceeded the maximum authorized sentence under the Sentencing Guidelines before <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), in violation of the <u>Ex Post Facto</u> Clause. This argument has been rejected by <u>United States v. Scroggins</u>, 411 F.3d 572, 575 (5th Cir. 2005).

## IV. CONCLUSION

For the reasons stated above, Clark's sentence is

**AFFIRMED.**