# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31069

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

KEITH A. JAMES,

Defendant – Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HAYNES and OLDHAM, Circuit Judges, and HANEN,* District Judge.

HAYNES, Circuit Judge:

The disputed question in this case is whether the Louisiana offense of armed robbery is a violent felony under the Armed Career Criminal Act ("ACCA"). Under the ACCA, the ordinary statutory *maximum* sentence of ten years of imprisonment morphs to a statutory *minimum* of fifteen years of imprisonment. *Compare* 18 U.S.C. § 924(a)(2), *with* § 924(e)(1). We conclude that Louisiana armed robbery qualifies as a violent felony and AFFIRM the district court's judgment.

---

* District Judge of the Southern District of Texas, sitting by designation.

No. 18-31069

## I.   Background

Keith A. James pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  In addition to admitting that he owned a firearm, James admitted that he had three prior convictions of armed robbery and three prior convictions of purse snatching.

In James's presentence investigation report ("PSR"), the probation officer recommended that James's convictions for armed robbery, purse snatching,[1] and second-degree battery be classified as violent felonies. Because the PSR determined that James was a career offender, it calculated James's adjusted base offense level as 33 pursuant to § 4B1.4(b)(3)(B) of the U.S. Sentencing Guidelines.  After applying a three-level reduction for acceptance of responsibility, the PSR calculated his total offense level as 30. Under the usual application of the Guidelines, his range would have been 151 to 188 months.  If James was not an armed career criminal, his sentence would have been capped at 120 months due to the statutory maximum.[2]  *See* 18 U.S.C. § 924(a)(2).   However, because of the ACCA mandatory minimum sentence, James's actual range was 180 to 188 months.  James filed a written objection to the PSR's classification of armed robbery as a violent felony.  The court overruled his objection and sentenced James to 188 months' imprisonment and five years of supervised release.

---

[1] We agree with the Government that any error in finding the purse-snatching convictions to be violent felonies is harmless because there are three separate armed-robbery convictions.  In light of our holding that the armed-robbery convictions qualify, they are sufficient in number to meet the ACCA's threshold.

[2] Moreover, if James had not qualified for the U.S. Sentencing Guidelines § 4B1.4 armed-career-criminal enhancement, his Guidelines range would likely have been below the 120-month cap.

## II.     Standard of Review

We review preserved challenges to "legal conclusions underlying a district court's application of" the ACCA de novo.  *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006).

## III.     Discussion

### A.  Existing Precedent

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device" that: "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated crimes"); or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the now-stricken "residual clause").     18 U.S.C. § 924(e)(2)(B).

In Louisiana, armed robbery is "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."  LA. REV. STAT. ANN. § 14:64(A).  The elements of simple robbery are the same, except that they lack the dangerous-weapon element.  *Id.* § 14:65(A).

In *United States v. Brown,* we held that the Louisiana crime of simple robbery qualifies as a violent felony under the ACCA.  437 F.3d 450, 452 (5th Cir. 2006).  We rejected Brown's argument that a simple robbery conviction could be achieved "simply with intimidation and, therefore, without the use or threatened use of force."  *Id.*  We reasoned that Louisiana law (1) enumerated simple robbery as a crime of violence and (2) defined a crime of violence as "an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another."  *Id.* (emphasis

removed). Because Louisiana classified simple robbery as a crime of violence, which "necessarily entails the use or threatened use of force," simple robbery was a violent felony under the ACCA. *Brown*, 437 F.3d at 452–53.

## B. Subsequent Ruling on the ACCA's Residual Clause

In *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015), the Supreme Court struck down the ACCA's residual clause, which defined "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . [that] involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); *Johnson II*, 135 S. Ct. at 2555–56. The residual clause was held void for vagueness because it "produce[d] more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson II*, 135 S. Ct. at 2558.

Post-*Johnson II*, to qualify as a violent felony under the ACCA, an offense must either satisfy the force clause or be one of the statutorily enumerated offenses. *See* 18 U.S.C. § 924(e)(2)(B); *see United States v. Burris*, 920 F.3d 942, 945–46 (5th Cir. 2019) (holding that the Texas robbery statute, which included "intentionally or knowingly threaten[ing] or plac[ing] another in fear of imminent bodily injury or death," was a violent felony under the ACCA), *petition for cert. filed*, No. 19-6186 (U.S. Oct. 3, 2019); *see also United States v. Reyes-Contreras*, 910 F.3d 169, 181–82 (5th Cir. 2018) (en banc) (addressing definition of "physical force" under the Sentencing Guidelines). Because the record in this case does not identify which of the statutory factors supported the relevant convictions, we need not determine whether the statute is divisible. Instead, we analyze whether the least-culpable conduct in the statute would constitute a violent felony under the ACCA. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (addressing use of the categorical approach where the court must analyze the state court conviction by

addressing the least-culpable conduct criminalized by the statute at issue; the underlying facts do not come into play).

James contends that the *Brown* panel must have relied on the residual clause when it concluded that the use of force needed for robbery was the same as the use of force contemplated in the ACCA. However, the *Brown* panel did not cite or discuss the ACCA's residual clause. *See Brown*, 437 F.3d at 451–53. On its face, the *Brown* panel relied on and discussed only the ACCA's force clause, and it concluded that Louisiana simple robbery satisfied that clause, so it was not overturned by *Johnson II*.[3] *See id.* We are thus bound by that precedent to reject James's argument under the rule of orderliness unless the Supreme Court or our en banc court has changed the relevant law. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) (explaining rule of orderliness).

## C. Analysis of the ACCA's Force Clause

James alternatively argues that subsequent case law calls *Brown*'s holding into question because of precedent limiting the reach of the force clause. In *Johnson v. United States* (*Johnson I*), the Supreme Court considered whether the Florida felony offense of battery, defined as "actually and intentionally touching" another person, had as an element the use of force. 559 U.S. 133, 135 (2010) (brackets omitted). The Florida Supreme Court had held that "*any* intentional physical contact, no matter how slight"—including a tap on the shoulder without consent—could support a battery conviction. *Id.* at 138 (internal quotation marks omitted). The Supreme Court reasoned that, when defining what constitutes a violent felony, the phrase "physical force"

---

[3] James points to footnote 2 of *Brown*, which discussed the definition of "intimidation" and noted that "by referencing an 'increased risk of danger to human life,'" Louisiana courts had "show[n] that intimidation entails the threat of force." 437 F.3d at 452 n.2. Even if *Brown*'s second rationale was intertwined with the residual clause, its holding about the force clause was not dependent on the residual clause.

5

must mean "force capable of causing physical pain or injury to another person." *Id.* at 140. The Court also noted that, at common law, battery historically "was a misdemeanor, not a felony." *Id.* at 141. The Florida offense of battery thus did not count as a violent felony for ACCA purposes. *Id.* at 139–140.

Subsequently, in *Stokeling v. United States*, the Supreme Court held that a Florida robbery offense satisfied the ACCA's force clause when it required force sufficient to "overcome a victim's resistance." 139 S. Ct. 544, 554–55 (2019). The Florida statute at issue defined robbery as "the taking of money or other property . . . from the person or custody of another, . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear," and the Florida Supreme Court had explained that robbery required "resistance by the victim that is overcome by the physical force of the offender." *Id.* at 549 (internal quotation marks omitted). The Court explained that the ACCA should be understood to incorporate the common-law meanings of "force" and "robbery" and held that the amount of force needed to "overcome [the victim's] resistance" would satisfy the force element. *Id.* at 550–52, 555.

> Here, the Louisiana Supreme Court has similarly stated that
>
> the crime of robbery contemplates that some energy or physical effort will be exerted in the "taking" element of the crime and that *some additional "use of force" in overcoming the will or resistance of the victim is necessary* to distinguish the crime of robbery from the less serious crime of theft.

*State v. Leblanc*, 506 So. 2d 1197, 1200 (La. 1987) (emphasis added). Likewise, it explained that the robbery statute "provide[s] a more severe grade of theft for those instances in which a thief uses force or intimidation to accomplish his goals," and thus "the legislature apparently sought to emphasize the increased risk of danger to human life posed when a theft is carried out in face of the victim's opposition." *State v. Mason*, 403 So. 2d 701, 704 (La. 1981).

No. 18-31069

James highlights Louisiana cases in which no direct threat of force was involved and contends that the amount of force required in Louisiana is less than that in Florida. *See, e.g., State v. Jones*, 767 So. 2d 808, 810–11 (La. Ct. App. 2000); *State v. Robinson*, 713 So. 2d 828, 829, 832 (La. Ct. App. 1998). These cases, however, do not demonstrate that *Brown* has been overruled by subsequent precedent.

*Brown*'s continued validity is demonstrated by our recent analysis of a similar "robbery by intimidation" in the context of determining whether a federal bank-robbery conviction qualified as a crime of violence for the purposes of U.S. Sentencing Guidelines § 4B1.2. *United States v. Brewer*, 848 F.3d 711, 713, 715 (5th Cir. 2017). We reasoned that "intimidation in the bank-robbery context is inherently tied to a threatened use of force." *Id.* at 715. In some circumstances, an "implicit threat to use force" can be a threat of physical force even though "no express threat was made." *Id.* at 715–16. For example, if a bank robber demands that a teller give him money, the demand carries at least "an implicit threat of direct physical force." *Id.* at 716. The circumstances in the Louisiana state cases of *Jones* and *Robinson* were ones where defendants made demands of cashiers; the demands carried similar implied threats to those recognized in *Brewer*. *Compare Brewer*, 848 F.3d at 715–16, *with Jones*, 767 So. 2d at 810–11, *and Robinson*, 713 So. 2d at 829. The intimidation tactics used, though indirect, were threats of physical force. *See generally Reyes-Contreras*, 910 F.3d at 182 (finding "no valid distinction between direct and indirect force").

In sum, we conclude that subsequent precedent buttresses rather than overrules *Brown*. Accordingly, Louisiana armed robbery is a violent felony under the ACCA's force clause.[4]

---

[4] James also argues that the district court erred in adding criminal history points to his offense level calculation under the Sentencing Guidelines. Because the argument turns on

## IV.　Conclusion

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

the same already-rejected analysis of wording, we reject this argument as well. *See United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017).