# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2021

Lyle W. Cayce
Clerk

No. 20-10364

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRELL M. CLARK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-1071

Before JONES, COSTA, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Terrell Clark's successive § 2255 petition challenged his conviction under 18 U.S.C. § 924(c) pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). We are constrained to REVERSE the district court decision to the contrary and VACATE Clark's § 924(c) conviction.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10364

## I. Background

In 2004, Clark pled guilty to theft of firearms from a licensed firearms dealer in violation of 18 U.S.C. § 924(m) (Count 1) and using or carrying a firearm during and in relation to a crime of violence in violation of § 924(c) (Count Two). This appeal centers on Count Two and whether the supposed "crime of violence" Clark committed fell within § 924(c)'s elements clause or its constitutionally defective residual clause.[1]

Regarding the § 924(c) offense, Clark's indictment listed the following predicate crimes of violence: Interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) and theft of firearms from a licensed dealer in violation of § 924(m). Clark's factual resume, however, solely identified the § 924(m) offense alleged in Count One as the predicate crime of violence. And both the government and district court acknowledged the § 924(m) offense as the relevant crime of violence at Clark's rearraignment.

Clark received an 87-month prison term for the § 924(m) offense, a consecutive 153-month prison term for the § 924(c) offense, and concurrent three-year terms of supervised release, which was affirmed on direct appeal. *See United States v. Clark*, 214 F. App'x 372, 374–76 (5th Cir. 2006) (affirming the same aggregate sentence the district court had previously

---

[1] § 924(c) defines "crime of violence" as a felony that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause), or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). § 924(c)(3)(A)-(B); *see United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018) (describing these clauses). The residual clause was found unconstitutionally vague by the Supreme Court in *Davis*. 139 S. Ct. at 2336.

imposed after the district court resentenced Clark pursuant to an earlier remand from the Fifth Circuit).

In 2019, relying on *Davis*, Clark moved for authorization to file a successive § 2255 motion.[2]  This court granted his motion, concluding that Clark had made a showing of possible merit warranting further exploration by the district court. *In re Clark*, No. 19-10989, slip op. at 1 (5th Cir. Dec. 31, 2019) (unpublished).

Clark raised his claim based on *Davis*, and two other claims not at issue in this appeal, before the district court.  In its briefing, the government "concede[d] that Clark's Section 924(c) conviction is premised on a crime—theft of firearms from a federal firearms licensee—that no longer qualifies as a 'crime of violence' after *Davis*" and asked the district court to "vacate Clark's Section 924(c) conviction."  The government recognized that Clark's *Davis* claim was "arguably procedurally barred because he failed to raise the issue on direct appeal," but it "affirmatively waive[d] any procedural-default defense" pursuant to government policy.

Notwithstanding the government's position, the district court rejected Clark's *Davis*-based claim, observed it was not bound by the government's concession, and held that the claim was barred because Clark's § 924(m) offense remained a crime of violence after *Davis* under the still valid elements clause.  The court also denied a certificate of appealability ("COA").  Clark filed a timely notice of appeal.  Approximately one week later, the district court *sua sponte* issued an order to "clarify" its prior order,

---

[2] The district court had previously dismissed Clark's initial § 2255 motion as time barred.  *Clark v. United States*, No. 4:08-CV-432-A (N.D. Tex. Jul. 23, 2008).  Clark had also previously filed two unsuccessful motions for authorization to file successive § 2255 motions.  *See United States v. Clark*, No. 12-10720 (5th Cir. Dec. 21, 2012) (unpublished); *In re Clark*, No. 16-10706 (5th Cir. Sept. 30, 2016) (unpublished).

explaining that its denial of § 2255 relief was based on both the merits of Clark's *Davis* claim and the procedural bar.

A judge of this court granted Clark's request for a COA. The court directed the parties to "address the jurisdictional issue whether Clark proved in the district court that the relief he sought relied on a new, retroactive rule of constitutional law, including whether he showed that it was more likely than not that the district court sentenced him under the part of § 924(c)'s crime-of-violence definition rendered unconstitutional in *Davis*." Order 2–3, ECF No. 40-2 (citations omitted). Additionally, a COA was granted as to (1) whether the district court erred in rejecting Clark's claim that, after *Davis*, his § 924(c) conviction is invalid because his § 924(m) conviction no longer qualifies as a predicate crime of violence; and (2) whether the district court erred in alternatively determining that Clark's claim was procedurally barred where the government waived the issue. *Id.*

## II. Discussion

This court reviews the district court's factual findings for clear error and its legal conclusions *de novo*. *See United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019) (articulating this standard for appeals of a district court's decision under § 2255).

## A.   Jurisdictional Issue

Clark meets the jurisdictional requirement because (1) it is more likely than not that he was sentenced under § 924(c)'s residual clause, which was invalidated in *Davis*; and (2) this court has treated the rule announced in *Davis* as retroactive to cases on collateral review.

There is little question that Clark was sentenced under § 924(c)'s residual clause, which was found unconstitutionally vague in *Davis*.[3]  As discussed in Part B, the district court erred by not applying the categorical approach to analyzing whether Count Two's predicate § 924(m) offense was a crime of violence under § 924(c),[4] and the plain language of § 924(m) demonstrates his conviction could only be a crime of violence under § 924(c)'s residual clause.

Furthermore, we are constrained to follow other panels of this court in applying *Davis* retroactively to a successive § 2255 motion.  *See In re Harris*, 988 F.3d 239, 240–41 (5th Cir. 2021) (Oldham, J., concurring) (recognizing the "numerous Fifth Circuit panels that have authorized successive motions under § 2255(h)(2) to raise *Davis* claims," and observing that "the Government has contested none of them").

## B.    Invalidity of Clark's § 924(c) Conviction After *Davis*

The district court erred by concluding that § 924(m) fell within § 924(c)'s elements clause, which survived *Davis*.  Applying the categorical approach, even the government agrees that the § 924(m) predicate offense was not a crime of violence based on its plain language.  Section 924(m) states that "[a] person who steals any firearm from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall be fined under this

---

[3] Clark's indictment listed both the § 924(m) offense in Count One and interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) as predicate crimes of violence.  Nevertheless, the government and the district court order under appeal have analyzed § 924(m) alone as the predicate offense.  That is because the factual resume for Count Two identified § 924(m) alone as the predicate crime of violence, and both the government and district court identified § 924(m) as the predicate crime of violence at Clark's rearraignment.

[4] The categorical approach "requires us to look at the elements of an offense, rather than the specific facts of a case."  *Bowen*, 907 F.3d at 353 n.10 (citations omitted).

title, imprisoned not more than 10 years, or both." The text does not suggest that the "use, attempted use, or threatened use of physical force" is an element of the offense. § 924(c)(3)(A) (the elements clause). Thus, applying the categorical approach of *Davis*, § 924(m) could only be a crime of violence by relying on the constitutionally defunct residual clause. *See Davis*, 139 S. Ct. at 2328 (recognizing that "the statutory text commands the categorical approach").

The district court tries to escape this obvious result in two ways. First, the court distinguished this court's decision in *Schmidt* by arguing that the statute at issue there, § 922(u), prohibited stealing "from the person or the premises of a person" licensed to deal in firearms. *United States v. Schmidt*, 623 F.3d 257, 261–64 (5th Cir. 2010) (holding that 18 U.S.C. § 922(u) is not, under the categorical approach, a violent offense under the elements test). Schmidt was convicted under the premises prong. *See id.* at 261; Because the statute at issue here, § 924(m), does not distinguish between persons and premises, the district court concluded that *Schmidt* was inapposite.

Be that as it may, the district court also looked to the indictment and factual resume to establish that § 924(m) was a crime of violence, because "[i]n this case, movant stole the firearms from a licensed firearms dealer through armed robbery." But, irrespective of the intuitive common sense of this logic, the categorical approach looks to the elements of the statute and not the substance of the crime committed. Thus, the district court's analysis and emphasis on the facts of Clark's particular crime are unpersuasive. Because a person could violate § 924(m) without the use, attempted use, or threatened use of force, § 924(m) does not constitute a crime of violence without relying on the constitutionally defective residual clause. The district

court errored in concluding that Clark was "convicted of a crime that was inherently violent."[5]

## C.    Procedural Bar

Based on the posture of this case, we must also conclude that the district court abused its discretion by *sua sponte* raising the issue of procedural bar and alternatively denying Clark's claim on that basis.[6]  District courts may raise the issue of procedural bar *sua sponte* but should not do so lightly. *United States v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001).  Before doing so, the district court should consider "whether the petitioner has been given notice that procedural default will be an issue for consideration, whether the petitioner has had a reasonable opportunity to argue against the application of the bar, and whether the State intentionally waived the defense." *Smith v. Johnson*, 216 F.3d 521, 523–24 (5th Cir. 2000); *see Prieto v. Quarterman*, 456 F.3d 511, 518 (5th Cir. 2006) (similar); *Willis*, 273 F.3d at 597 (similar).[7]  Most important, the government affirmatively waived procedural default as

---

[5] The district court also cited a Fifth Circuit case that "reiterated that robbery by intimidation is a crime of violence." *See United States v. James*, 950 F.3d 289 (5th Cir. 2020)); But that case fulfills the categorical approach, as it explicitly recognized Louisiana armed robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, *by use of force or intimidation*, while armed with a dangerous weapon." *Id.* at 291 (quoting LA. REV. STAT. ANN. § 14:64(A)) (emphasis added).

[6] *See Prieto v. Quarterman*, 456 F.3d 511, 518–19 (5th Cir. 2006) (reviewing district court's *sua sponte* procedural bar ruling for abuse of discretion).

[7] As the government recognizes, Clark waived this argument by failing to brief it before this court.  Although the briefs of *pro se* litigants are held to less stringent standards, even *pro se* litigants must brief arguments and reasonably comply with the briefing requirements of Rule 28. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citing FED. R. APP. P. 28(a)).  Nevertheless, we have "discretion to consider a noncompliant brief" and have "allowed *pro se* plaintiffs to proceed when the plaintiff's noncompliance did not prejudice the opposing party." *Id.* at 525 (footnote and citation omitted).  Such is the case here.

No. 20-10364

a defense.  Additionally, Clark had minimal notice regarding the procedural bar issue.[8]  And he had no opportunity to raise counterarguments because the government's response indicated it was waiving the defense before the district court decided the issue against him.  Accordingly, the district court abused its discretion by alternatively deciding this case on the procedural bar issue.[9]

## III.  Conclusion

Based on the foregoing, we REVERSE the district court's judgment and  VACATE Clark's § 924(c) conviction.

---

[8] The district court's order requiring Clark to explain how he satisfies the requirements for filing a successive § 2255 motion arguably provided Clark with some notice regarding the procedural bar issue.  But this was insufficient under the totality of circumstances here.

[9] In any event, we are not convinced that Clark's motion is procedurally barred irrespective of waiver.  In *Reece*, this court rejected the government's argument that a § 2255 motion was procedurally barred because it had not been raised on direct appeal. *United States v. Reece*, 938 F.3d 630, 634 n.3 (5th Cir. 2019).  The panel concluded that if Reece's convictions were based on § 924(c)'s residual clause "then he would be actually innocent of those charges under *Davis*" and "the cause and prejudice standard does not apply."  *Id.*  Clark raises this argument on appeal.