# United States Court of Appeals for the Fifth Circuit

---

No. 22-50083
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellant*,

*versus*

Chayna Holguin,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-13-1

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Chayna Holguin pleaded guilty to importation of 40 grams or more of fentanyl and possession with intent to distribute 40 grams or more of fentanyl. These offenses carry five-year statutory minimum sentences. *See* 21 U.S.C. §§ 952(a), 960(a)(1), (b)(2)(F); 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi). However, over the Government's objection, the district court

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

concluded that Holguin was eligible for safety valve relief under 18 U.S.C. § 3553(f), as amended by the First Step Act. Relying on the Ninth Circuit's reasoning in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), the district court determined that § 3553(f)(1) only excludes defendants (otherwise eligible under the other parts of the statute) who meet all three disqualifying criteria enumerated in that subsection. Thus, although Holguin had a prior three-point offense, she was eligible for safety valve relief because she did not also have four criminal history points, excluding points from a one-point offense, and a prior two-point violent offense. *See* § 3553(f)(1). The district court sentenced Holguin below the statutory minimum to concurrent terms of 37 months of imprisonment.

The Government appeals the district court's determination that Holguin was eligible for safety valve relief as provided in § 3553(f) and the resulting imposition of a sentence lower than the statutory minimum. We review the district court's legal interpretation of the safety valve statute de novo. *United States v. Towns*, 718 F.3d 404, 407 (5th Cir. 2013).

After Holguin's judgment of conviction was entered, we decided *United States v. Palomares*, 52 F.4th 640 (5th Cir. 2022), *petition for cert. filed* (U.S. Dec. 21, 2022) (No. 22-6391). We held in *Palomares* that "defendants [are] ineligible for safety valve relief if they run afoul of any one of [the] requirements" enumerated in § 3553(f)(1). 52 F.4th at 647. Looking to the text of the statute, we rejected the Ninth Circuit's conjunctive approach of linguistic interpretation in *Lopez* and conversely applied the distributive approach. *See id.* at 642-47.

As both the Government and Holguin aptly agree, because Holguin had a prior three-point offense, *Palomares* disqualifies her from safety valve relief under § 3553(f). *See Palomares*, 52 F.4th at 647. Further, although Holguin argues that *Palomares* was incorrectly decided as a matter of

No. 22-50083

statutory interpretation, she and the Government agree that our decision in *Palomares* is binding until the Supreme Court or this court sitting en banc overrules this safety valve issue. *See United States v. James*, 950 F.3d 289, 292-93 (5th Cir. 2020).

In light of the foregoing, Holguin's sentence is VACATED, and the matter is REMANDED for further proceedings.