# United States Court of Appeals for the Fifth Circuit

No. 23-40019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricardo Garcia, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1002-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Ricardo Garcia, Jr. was sentenced to 120 months in prison after pleading guilty to importing 500 grams or more of methamphetamine. On appeal, he argues that the district court erred by finding him ineligible for a lower sentence under the safety-valve provision of 18 U.S.C. § 3553(f). Pointing to the provision's use of the word "and," Garcia contends that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 3553(f)(1) renders a defendant ineligible for safety-valve relief only if all three of its conditions are met. He thus contends that it does not apply here because his criminal history lacks a two-point violent offense under § 3553(f)(1)(C).

The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief. The motion asserts that Garcia's argument is foreclosed by *United States v. Palomares*, 52 F.4th 640 (5th Cir. 2022), *petition for cert. filed* (U.S. Dec. 21, 2022) (No. 22-6391). There, the panel majority concluded that § 3553(f)(1) renders criminal defendants ineligible for safety-valve relief "if they run afoul of any one of its requirements." *Palomares*, 52 F.4th at 647.

Garcia correctly concedes that his argument is foreclosed by *Palomares* absent an intervening change in the law. *See United States v. James*, 950 F.3d 289, 292 (5th Cir. 2020). Summary disposition is appropriate in these circumstances. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED as MOOT.